**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ANTHONY SIMON,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 4:17-cv-3831** |
| | § | |
| **BARRETT STEEL ENERGY** | § | **JURY DEMANDED** |
| **PRODUCTS, INC.,** | § | |
| *Defendant*. | § | |
| | § | |

---

### PLAINTIFF'S ORIGINAL COMPLAINT
---

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Plaintiff Anthony Simon (hereinafter referred to as "Plaintiff") in the above-referenced matter, complaining of and about Defendant Barrett Steel Energy Products, Inc., (hereinafter referred to as "Barrett Steel" or "Defendant"), and for causes of action files this Original Complaint, showing to the Court the following:

### I.      PARTIES

1.      Plaintiff, Anthony Simon is an individual residing in Spring, Harris County, Texas.  Plaintiff is a citizen of the United States and the State of Texas.

2.      Defendant, Barrett Steel is a domestic for-profit corporation in the State of Texas. Defendant, Barrett may be served with process by serving its registered agent, C T Corporation System, at 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136.

### II.      JURISDICTION

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: Title VII of the Civil Rights Act of 1964 (as amended) (which

is codified in 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a)) (hereinafter referred to as "Title VII") and, the Americans with Disabilities Act (as amended) (which is codified in 42 U.S.C. § 12101 et seq.) (hereinafter referred to as the "ADA").

4.      Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's similar state claims that arise under the Texas Commission on Human Rights Act, which is codified in Chapter 21 of the Texas Labor Code, Texas Labor Code § 21.001 et seq. (hereinafter referred to as the "TCHRA"), because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

5.      Venue is proper in the Southern District of Texas - Houston Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

### III.        NATURE OF THE ACTION

6.      This is an action brought pursuant to Title VII and the TCHRA on the grounds that Plaintiff was discriminated and retaliated against because of Plaintiff's race (African American).  The action is to correct and recover for Defendant's unlawful employment practices on the basis of Plaintiff's race including the discrimination and retaliation based on Plaintiff's protected activities involving his race and complaints of racial discrimination and retaliation.

7.      This is also an action to correct and recover for Defendant's violations of the ADA and the TCHRA.  Specifically, Plaintiff complains that Defendant discriminated and retaliated against him on the basis of his disability or the perception of a disability.  *See* 42 U.S.C. § 12101 et seq. and Texas Labor Code § 21.001 et seq.

8.      This action is also to correct and recover for Defendant's violations of Chapter 451 of the Texas Labor Code §451.001 as Defendant retaliated against Plaintiff after engaging in protected activities.

## IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.      On April 19, 2016, Plaintiff filed an Amended Charge of Discrimination (Charge No. 460-2015-04167) with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") against Defendant for race discrimination, disability discrimination and retaliation.

10.     Subsequently, the EEOC issued Plaintiff a Notice of Right Sue, dated September 28, 2017.  Plaintiff files this lawsuit within ninety (90) days of receiving the Right to Sue notices. Therefore, this lawsuit is timely filed.

## V.   FACTS

11.     Mr. Simon was hired by Barrett Steel, in January 2014, to work in its warehouse.

12.     During Mr. Simon's tenure at Barrett Steel, he was an exemplary employee with no disciplinary issues.

13.     Despite Mr. Simon's best efforts, during his tenure at Barrett Steel he was constantly subjected to a racially hostile work environment—chock-full of racial slurs and epithets.

14.     On or about May 6, 2015, an email containing a video entitled "Negro Town" was circulated to various employees, including management, from Mr. Tim Lancaster, Manager. Mr. William Day, Manager, sent Mr. Simon the video.

15.     The video was an offensive and unfortunate indulgence in hateful and bizarre racial stereotypes with repulsive depictions of police brutality and black men in "hoodies"

portraying Trayvon Martin (the young teen slain by a white male).  The "author" calls it the "utopia for black people"—only to then tell one of the characters "can a *nigger* finish the song" as he sings about this "fairy tale" world of Negro Town.  The video is offensive, racist, detestable, intolerable, and wholly inappropriate for the workplace.

16.     After Mr. Simon left work on May 6, 2015, he reviewed the video and as expected, he was gravely offended.

17.     On May 7, 2015, Mr. Simon complained to Mr. Day, and told Mr. Day that he did not find the video funny.  Mr. Day claimed he would speak with Mr. Mickey Bailey, Operations and Quality Control Manager, regarding the video.

18.     Neither Mr. Bailey nor anyone at Barrett Steel investigated the incident despite Mr. Simon's complaints.  No disciplinary action was taken against Mr. Lancaster, Mr. Day, or any other member of management for circulating the racially offensive video.

19.     On September 15, 2015, while working the night shift with another African American, Mr. Kunta Green, Mr. Simon found a bottle displaying the words "Nigger Juice" placed in the area between his locker and Mr. Green's locker.

20.     The only other employee working that shift, in the same area with Mr. Simon and Mr. Green, was Mr. Chris Lee, a white male.

21.     Despite Mr. Simon's fear of retaliation, he reported this incident to management and to Human Resources.  Specifically, Mr. Simon lodged his complaint of discrimination and sent the offensive photo, containing the derogatory slur, to Mr. Bailey.  Mr. Bailey claimed he would "investigate" the incident.

22.     Following the alleged investigation, Mr. Simon was harassed by Human Resources and Mr. Green (black male) was terminated for his alleged "involvement" with the

incident.  Mr. Bailey claimed that "it was a joke, with no malicious intent" but then terminated Mr. Green.

23.     Notably, Mr. Lee (white male and also Mr. Bailey's brother in law) was not terminated because of his involvement.  In fact, no disciplinary action was taken against any other employees besides Mr. Green (black male).

24.     In addition to lodging an internal complaint of discrimination, harassment and hostile work environment, Mr. Simon filed his first Charge of Discrimination with the EEOC.

25.     In response to Mr. Simon's Charge of Discrimination, Barrett Steel threatened Plaintiff with termination.  Specifically, Mr. Simon was told that if he did not resolve the matter—be prepared to be laid off.

26.     Barrett Steel made good on its threats and terminated Plaintiff's employment shortly after he filed his Charge of Discrimination.

27.     Around this same time, on October 19, 2015, Mr. Simon was injured on the job when his thumb was caught between two (2) pieces of steel pipe.  Mr. Simon properly filed his "Employers First Report of Injury" which was filled out by Ms. Tina Cantu.

28.     Mr. Simon also went to St. Luke's hospital for treatment.  Mr. Simon returned to work with restrictions on or about October 22, 2015.  Specifically, Mr. Simon was instructed by his doctor to wear a brace for a minimum of six (6) hours a day.

29.     When Mr. Simon returned to work he was told by management that "we don't do light duty at this company."  Mr. Simon was forced to sit at home, at the instruction of the company, for approximately ten (10) days without pay.

30.     Ironically, Mr. Chris Lee and Mr. Keith Dennis (both white males) were both injured on the job and placed on light duty without harassment or interference from management.

31.     On or about October 29, 2015, Mr. Simon filed the requisite Workers' Compensation documents and was then forced to sit at a desk, without an assignment, until he was ultimately terminated on November 23, 2015.

## VI.     COUNT 1 - TITLE VII RACE DISCRIMINATION

33.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

34.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his race (i.e., African American), including discrimination and retaliation.

35.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect his status because of Plaintiff's race (African American), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

## VII.  COUNT 2 - TCHRA RACE DISCRIMINATION

36.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

37.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his race (African American).

38.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's race (African American), in violation of Texas Labor Code § 21.051 et seq.

## VIII.   COUNT 3 - ADA DISABILITY DISCRIMINATION

39.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

40.     Plaintiff is disabled as defined by the ADA.   *See* 42 U.S.C. §§ 12102 and 12111(8).

41.     Plaintiff is an employee within the meaning of the ADA. *See* 42 U.S.C. § 12111(4).

42.     Defendant violated the ADA by intentionally discriminating against Plaintiff on the basis of his disability, including treating her less favorably than non-disabled employees. *See* 42 U.S.C. § 12112.

43.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's disability, in violation of the ADA.

## IX.   COUNT 4 - TCHRA DISABILITY DISCRIMINATION

44.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

45.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his disability.

46.     Defendants discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's disability, in violation of the Texas Labor

Code § 21.051 et seq.

## X.   COUNT 5 - TITLE VII RETALIATION

47.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

48.     Defendant intentionally retaliated against Plaintiff because of the complaints of race discrimination made to Defendant prior to Plaintiff's unwarranted termination.

## XI.   COUNT 6 - TCHRA RETALIATION

49.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

50.     Defendant intentionally retaliated against Plaintiff because of the complaints of discrimination made to Defendant in violation of the Texas Labor Code § 21.055.

## XII.   COUNT 10 - CHAPTER 451 RETALIATION UNDER THE TEXAS LABOR CODE

51.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

52.     Plaintiff, in good faith, engaged in a protected activity, i.e. pursuing his rights under the Texas Workers' Compensation law after an on-the-job injury.  Defendant intentionally engaged in unlawful retaliation, i.e. termination, against Plaintiff after he engaged in protected activity under the workers' compensation law.

53.     Defendant unlawfully retaliated by terminating Plaintiff for protected actions taken under the workers' compensation law.

## XIII.   JURY DEMAND

54.     Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submits the jury fee.

## XVI.  **PRAYER**

55.      WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a.      All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendments thereto, including but not limited to back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

b.      Compensatory damages, including, but not limited to, emotional distress;

c.      Past, present, and future physical pain and mental suffering;

d.      Punitive damages;

e.      Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

f.      Pre-judgment interest at the highest rate permitted by law;

g.      Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h.      Costs of Court; and

i.      Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully submitted,



Alfonso Kennard, Jr.
Texas Bar No.: 24036888
Southern District No: 713316
2603 Augusta Drive, Suite 1450
Houston, TX  77057
Telephone No.: (713) 742-0900
Facsimile No.: (713) 742-0951
Alfonso.Kennard@kennardlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**



Keenya Harrold
Texas Bar No.: 24039664
Southern District Bar No: 897938
2603 August Drive, Suite 1450
Houston, TX  77057
Telephone No.: (713) 742-0900
Facsimile No.: (713) 742-0951
Keenya.Harrold@kennardlaw.com