United States District Court
Southern District of Texas
**ENTERED**
April 30, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTHONY SIMON, § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-17-3831 |
| § | |
| BARRETT STEEL ENERGY § | |
| PRODUCTS, INC., § | |
|     Defendant. § | |

## **MEMORANDUM AND ORDER**

This employment discrimination case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 9] filed by Defendant Barrett Steel Energy Products, Inc. ("Barrett Steel"), seeking summary judgment based on a prior settlement of all claims in this lawsuit. Plaintiff Anthony Simon filed a Response [Doc. # 11], and Defendant filed a Reply [Doc. # 12]. Having reviewed the full record and the applicable legal authorities, both governing and persuasive, the Court **grants** Defendant's Motion for Summary Judgment.

## **I.     BACKGROUND**

In January 2014, Plaintiff began working for Defendant in its warehouse. In the fall of 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on his African-American race. In connection with the EEOC proceeding, the parties engaged in

mediation on October 27, 2015.  During a reduction in force involving multiple employees, Plaintiff's employment with Barrett Steel terminated on November 23, 2015.  On April 19, 2016, Plaintiff amended his EEOC Charge of Discrimination to include a retaliation claim.  Plaintiff alleged that his employment was terminated because he refused to settle his claims against Barrett Steel during the October 2015 mediation.

In December 2015, Plaintiff's Attorney Darian Howard and counsel for Barrett Steel exchanged emails regarding a settlement agreement based on a monetary payment to Plaintiff in exchange for Plaintiff's release of all claims against Barrett Steel.  Plaintiff subsequently refused to sign the release and obtained new counsel.  Plaintiff's new attorney sent Defendant's counsel a demand letter dated January 14, 2016.  *See* January 14, 2016 Demand Letter, Exh. I to Motion.  Defense counsel responded that Plaintiff, while represented by Attorney Howard, accepted Barrett Steel's settlement offer and the matter was concluded.  *See* January 14, 2016 Email, Exh. I to Motion.

Plaintiff, represented by his new attorney, filed this lawsuit on December 20, 2017.  He asserts claims of race discrimination under Title VII, disability discrimination under the Americans with Disabilities Act ("ADA"), and retaliation under Title VII.  Plaintiff also asserts corresponding claims under Texas state law.

Defendant filed the pending Motion for Summary Judgment, asserting with supporting evidence that Plaintiff settled his claims in December 2015. The Motion has been fully briefed and is now ripe for decision.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the

non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002); *Chambers v. Sears, Roebuck and Co.*, 428 F. App'x 400, 407 (5th Cir. June 15, 2011). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

### III. SETTLEMENT AGREEMENT ANALYSIS

Issues regarding the validity or enforceability of agreements to settle federal claims are decided based on federal law. *See Quesada v. Napolitano*, 701 F.3d 1080, 1083 (5th Cir. 2012) (Title VII claims); *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981); *Mid-S Towing Co. v. Har-Win, Inc.*, 733 F.2d 386,

389 (5th Cir. 1984); *Lozano v. Metro. Transit Auth. of Harris Cty.*, 2016 WL 3906295, *2 (S.D. Tex. July 19, 2016) (Miller, J.). Under federal law, settlement agreements are contracts. *See Guidry v. Halliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992); *Lozano*, 2016 WL 3906295 at *2. A contract requires an offer, acceptance, and a meeting of the minds on all essential terms. *Ibe v. Jones*, 836 F.3d 516, 524 (5th Cir. 2016); *Lozano*, 2016 WL 3906295 at *3.

Acceptance of an offer occurs when there is "manifestation of assent that occurs in any reasonable manner." *See Chen v. Highland Capital Mgmt., L.P.*, 2012 WL 5935602, *2 (N.D. Tex. Nov. 27, 2012). A meeting of the minds on all essential terms of a settlement agreement is generally present "where the parties have agreed upon the monetary amount of the settlement payment and the fact that plaintiffs will release specific claims." *See In re Deepwater Horizon*, 786 F.3d 344, 357 n.26 (5th Cir. 2015); *Neurovision Med. Prods., Inc. v. Medtronic Pub. Ltd. Co.*, 2017 WL 1247139, *3 (E.D. Tex. Apr. 5, 2017). Under federal law, a settlement agreement need not be reduced to writing to be enforceable. *See E.E.O.C. v. Phillip Servs. Corp.*, 635 F.3d 164, 167 (5th Cir. 2011).

In this case, the uncontroverted evidence shows that Barrett Steel offered Plaintiff – and other employees subject to the November 2015 reduction-in-force – a severance payment. Barrett Steel offered Plaintiff, who then was represented by

attorney Darian Howard, a different severance agreement that would release all claims against Barrett Steel except Plaintiff's race discrimination claim that was pending before the EEOC. Plaintiff did not accept the revised severance agreement by the deadline. *See* December 2015 Email String, Exh. A to Motion.

Barrett Steel then offered Plaintiff a settlement that would involve a payment more than double the previously-offered amount in exchange for a full release of *all* claims. *See* Letter dated December 15, 2015, Exh. B to Motion. Attorney Howard responded by email on December 18, 2015, at 5:50 p.m., that "Mr. Simon wants to sign at [redacted] and will release all claims." *See* Howard Email, Exh. C to Motion. Nine minutes later, Attorney Howard emailed "My client just called back and confirmed he will accept the offer of [redacted]." *See id.*

In the Fifth Circuit, "an attorney of record is presumed to have authority to compromise and settle litigation of his client." *See Quesada*, 701 F.3d at 1083; *Fields v. SBC Commc'n, Inc. Disability Income Plan*, 2014 WL 2765687, *4 (W.D. Tex. June 18, 2014). Indeed, where the plaintiff is represented in the settlement negotiations by his counsel of choice, "the settlement agreement is presumptively informed, willing, and valid." *McCardell v. Verizon Wireless Texas, LLC*, 2011 WL 841519, *3 (S.D. Tex. Mar. 4, 2011). The party challenging the settlement has the burden to refute the presumption. *See Quesada*, 701 F.3d at 1083 n.8.

Plaintiff has submitted his Affidavit in opposition to the Motion for Summary Judgment. In the Affidavit, Plaintiff does not assert that Attorney Howard lacked authority to accept Barrett Steel's offer of an increased monetary payment to Plaintiff in exchange for Plaintiff's release of all claims. Instead, Plaintiff asserts that he did not sign a settlement agreement. *See* Simon Affidavit, Exh. A to Response, ¶ 3. As noted above, however, a settlement agreement need not be in writing to be valid and enforceable. *See Phillip Servs. Corp.*, 635 F.3d at 167; *see also McCardell*, 2011 WL 841519 at *3 (lawyer's communication of client's acceptance of settlement agreement bound the plaintiff to the unsigned agreement).

Plaintiff states also that there were two conditions precedent to the settlement that were not satisfied: (1) Barrett Steel did not make the payment and (2) Plaintiff did not withdraw the claims asserted in his EEOC charge. *See* Simon Affidavit, ¶ 4. "A condition precedent is either an act of a party that must be performed or a certain event that must happen before a contractual right accrues or a contractual duty arises." *See In re Deepwater Horizon*, 786 F.3d at 361; *Lozano*, 2016 WL 3906295 at *7.

Although there were issues concerning child support liens involving Plaintiff, the undisputed evidence in the record establishes that Barrett Steel was ready and willing to make the payment required by the settlement agreement once the lien issues

were resolved.[1]  *See* Child Support Lien Communications, Exh. E to Motion.  When the attorney for Barrett Steel sent the release to Attorney Howard for Plaintiff's signature, he advised Plaintiff's counsel that, upon receiving the signed release, "the checks will be prepared and I will forward them to you immediately upon my receipt of them."  *See* January 11, 2016 Email to Attorney Howard, Exh. H to Motion.  Attorney Howard responded that he had received the release and was "waiting for Mr. Simon's signature."  *See* January 11, 2016 Email from Attorney Howard, Exh. H to Motion.  Mr. Howard advised that Plaintiff asked whether he "would be able to pick his checks up when processed."  *See id.*  Counsel for Barrett Steel responded that if Plaintiff preferred to pick up his checks, that could be arranged.  *See* January 11, 2016 Email to Attorney Howard, Exh. H to Motion.

A settlement agreement is valid and enforceable even if it contemplates the execution of a release (or the dismissal of pending claims) at a later date unless the parties explicitly agree that there will be no valid agreement until the parties sign the release and/or dismiss the claims.  *See In re Deepwater Horizon*, 786 F.3d at 355.  Nothing in the email exchange constituting the parties' settlement agreement identifies executing the release or dismissing EEOC claims as a condition precedent to the

---

[1]  Barrett Steel remains willing to make the payment to Plaintiff.  *See* Reply, p. 5 ("As soon as [Plaintiff] signs the release, he will still be free to physically pick up the settlement checks . . ..").

validity of the agreement. Even assuming that Plaintiff's execution of the release and dismissal of the claims before the EEOC were construed as a condition precedent, his refusal to do so does not negate the existence of a valid and enforceable settlement agreement. *See Lozano*, 2016 WL 3906295 at *8. Plaintiff "may not take advantage of his own failure . . . as a mechanism to avoid his obligations under the agreed-upon settlement." *See id.* His refusal to sign the release and dismiss his claims before the EEOC does not affect the validity or enforceability of the settlement agreement formed between Plaintiff and Barrett Steel through their respective counsel.

Plaintiff states in this Affidavit that Barrett Steel filed an EEOC Response "that was in direct contradiction to the EEOC withdrawal requirement in the alleged settlement agreement." *See* Simon Affidavit, ¶ 5. Barrett Steel's Response, attached to Plaintiff's Response as Exhibit D, does not support Plaintiff's assertion. Indeed, Barrett Steel states in the Introduction that "as Barrett Steel has repeatedly pointed out over the past months, this matter is settled." *See* September 12, 2016 EEOC Statement, Exh. D to Response, p. 2. Later in the EEOC Statement, Barrett Steel includes a two-page section entitled "THIS MATTER IS SETTLED" in which it sets forth fully its position that the parties had agreed to a settlement that involved a monetary payment to Plaintiff in exchange for Plaintiff's release of all claims against Barrett Steel. *See id.* at 7-8. Defendant's EEOC Statement does not refute – indeed,

it supports – the existence of a valid and enforceable settlement agreement between the parties.

Under applicable federal law, the uncontroverted evidence establishes that Defendant made a settlement offer to Plaintiff and Plaintiff, through his counsel of choice at the time, accepted the offer. There was at that point a valid and enforceable settlement agreement. Having agreed to release all his claims against Defendant, Plaintiff cannot now pursue those claims in this lawsuit. Defendant's Motion for Summary Judgment is granted.

## IV. CONCLUSION AND ORDER

Plaintiff, who was represented by counsel of his choice, accepted Defendant's offer to settle all claims for a fixed payment greater than the severance payment offered to other employees who were subject to the November 2015 reduction-in-force. Plaintiff thereby entered into a binding agreement to settle and release the claims asserted in this lawsuit. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **30th** day of **April, 2018**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE